UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FRANCES BROUSSEAU,

    Plaintiff,

v.

KRISTIN LACCETTI, MEREDITH FORMON,
PRUDENTIAL INSURANCE CO. OF AMERICA,

    Defendants.

Civil Action No. 09-403 (JAP)

**OPINION**

PISANO, District Judge.

    Plaintiff Frances Brousseau brings this action against Defendants Kristin Laccetti, Meredith Formon and Prudential Insurance Company stemming from the denial of her long-term disability benefits. Plaintiff bases her claim on the Defendants' bad faith denial of benefits, breach of contract, breach of the duty of good faith and fair dealing, breach of fiduciary duty, vicarious liability, and violations of the Delaware Unfair Trade Practices Act, Delaware Insurance Fraud Prevention Act, and the regulations of the Insurance Department of the State of Delaware. This Court has original jurisdiction to hear this dispute pursuant to 28 U.S.C. § 1332 as there is diversity of citizenship between the Plaintiff and Defendants and the amount in controversy exceeds $75,000.

    Presently before the Court is Defendants' Motion to Dismiss based on Federal Rule of Civil Procedure 12(b)(6). The Court heard oral arguments on the motion on November 4, 2009. For the reasons set forth herein, the Court grants Defendants' motion to dismiss.

    I.    **Background**

    Defendant Prudential entered into a group insurance policy ("the Policy") with JP Morgan Chase Bank as Trustee of the American Institute of Certified Public Accountants

1

("AICPA") Insurance Trust. Compl. ¶ 21. Through Prudential's Policy, AICPA offered to its interested members long-term disability insurance. *Id.* On February 1, 2005, Plaintiff Brousseau enrolled as a participant in the Prudential Policy carrying a $3,000 a month benefit subject to the Policy's terms and conditions. *Id.* ¶¶ 21, 22.

On September 27, 2006, Plaintiff was diagnosed with neuralgia, neuritis and radiculitis. *Id.* ¶ 25. Eventually on May 23, 2007, Plaintiff stopped performing her duties as a certified public accountant due to her medical condition which caused confusion, lack of concentration and professional errors. *Id.* ¶ 36. Thereafter, on November 29, 2007, Plaintiff submitted a timely claim for long-term disability benefits under the Policy. *Id.* ¶ 38. Brousseau's claim was assigned to Prudential's claim representative, Defendant Laccetti. *Id.* ¶ 41. After reviewing Plaintiff's claim, Laccetti on behalf of Prudential denied the claim on March 7, 2008 because Brousseau was deemed not "totally disabled." *Id.* ¶ 54. On June 23, 2008, Plaintiff filed an appeal with Prudential's Appeal Review Unit. *Id.* ¶ 57. Defendant Formon as a Prudential "appeals specialist" denied Plaintiff's appeal on October 10, 2008.

On March 11, 2009, Plaintiff filed suit against Defendants Prudential, Laccetti and Formon in the Superior Court of the State of Delaware in and for New Castle County. Plaintiff bases her claim on bad faith denial of benefits, breach of contract, breach of the duty of good faith and fair dealing, breach of fiduciary duty, vicarious liability, and violations of the Delaware Unfair Trade Practices Act, Delaware Insurance Fraud Prevention Act, and the regulations of the Insurance Department of the State of Delaware. On June 3, 2009, Defendants removed the case to federal court based on diversity jurisdiction.

II. **Discussion**

a. **Motion to Dismiss Standard of Review**

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. Refashioning the appropriate standard, the United States Supreme Court found that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted); *see also Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]" (internal quotation marks omitted)). Therefore, for a complaint to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, 127 S. Ct. at 1965 (internal citations and footnote omitted).

b. **Legal Analysis**

In their motion to dismiss, Defendants seek the removal of all contractual claims against the individual Defendants Laccetti and Formon and the dismissal of the breach fiduciary duty claim against all Defendants. The central issues presented are whether agents of an insurance carrier who are not parties to a contract can be held liable for bad faith actions stemming from the contract and whether Delaware considers insurance carriers to be fiduciaries to the insured.

3

i. *Contractual Claims Against Defendant Formon and Laccetti*

Defendant Laccetti and Formon argue that the claims for breach of contract (Count II), bad faith denial of benefits (Count I), and breach of the duty of good faith and fair dealing (Count III) must be dismissed because neither individual was a party to the contract between Prudential and the Plaintiff. Plaintiff concedes in their opposition brief that there is no asserted claim against the individual Defendants for breach of contract (Count II); however, Defendants maintain their allegations as to bad faith denial of benefits (Count I) and breach of the duty of good faith and fair dealing (Count III). Pl. Brief in Opp., at 1 n.1. In Delaware, it is established that a "first-party claim against an insurer for bad faith denial or delay in claim payments sounds in contract and arises from the implied covenant of good faith and fair dealing." *Dunlap v. State Farm Fire & Cas. Co.*, 878 A.2d 434, 440 (Del. 2005) (citing *Tackett v. State Fire & Cas. Ins. Co.*, 653 A.2d 254 (Del. 1995)). Therefore, in order to maintain a claim of bad faith denial of benefits and breach of good faith and fair dealing, a plaintiff must bring suit against a defendant who is a party to the contract in question.

In order to circumvent the requirement that a defendant be a party to the insurance contract, Plaintiff argues that a bad faith claim is viable under the Delaware Insurance Code. The Delaware Unfair Trade Practice Act ("UTPA"), 18 Del. C. § 2302, et seq., prohibits any person including insurance adjusters from engaging in "any trade practice which is defined in this chapter as, or determined pursuant to this chapter to be, an unfair method of competition or an unfair or deceptive act or practice in the business of insurance." 18 Del. C. § 2303. Under UPTA, the Delaware Commissioner of Insurance is given broad powers to investigate and examine potential unfair trade in the insurance industry as well as issue cease and desist orders, revoke licenses of carriers, impose monetary penalties and grant any other appropriate relief.

*Correa v. Pennsylvania Mfrs. Ass'n Ins. Co.*, 618 F. Supp. 915, 925 (D. Del. 1985). As such, UPTA does not authorize an express or implied private cause of action. *See Johnson v. GEICO Cas. Co.*, 516 F.Supp.2d 351, 360 (D. Del. 2007); *Moses v. State Farm Fire & Cas. Ins. Co.*, No. CIV.A.90C-10-020, 1991 WL 269886, at *4 (Del. Super. Nov. 20, 1991) ("Clearly, it is the Commissioner who is given the authority to use the Act to prevent unfair business practices in Delaware."). In an effort to expand the scope of this provision, Plaintiff points to similar statutes in Texas and Montana which authorize a private cause of actions for insurance adjusters due to bad faith denials on insurance contracts. These state's statutes, however, permit private enforcement while Delaware does not.

Therefore, Counts I and III for bad faith denial of her insurance claim and breach of the duty of good faith and fair dealing must be dismissed because the individual Defendants Laccetti and Formon were at no time parties to the insurance contract between the Plaintiff and Prudential. Since Laccetti and Formon were not parties to the contract, the law is clear that they cannot be liable for any bad faith covenants stemming from the terms of the contract. Additionally, because there is no private cause of action permitted under UPTA, Plaintiff cannot maintain a bad faith claim against Defendants Laccetti and Formon.

ii. *Breach of Fiduciary Duty Claim Against All Defendants*

In Count IV, Plaintiff brings a breach of fiduciary duty claim against Defendants Laccetti, Formon and Prudential. It is established law in Delaware that insurers do not owe a fiduciary duty to the insured because the contract is an arm's-length relationship. *Crosse v. BCBSD, Inc.*, 836 A.2d 492, 495 (Del. 2003) ("Delaware courts have concluded that a typical insurance contract does not create fiduciary duties because the interests of the plan participants and those of the insurer are not perfectly aligned."). To circumvent this principle, Plaintiff

argues that the language used to name the Policy—"Insurance Trust"— converts the relationship from contractual to fiduciary. Unfortunately, simply calling the relationship a "trust" does not convert it to a trust unless the instrument represents the qualities that demand a fiduciary relationship.

Therefore, the breach of fiduciary duty claim against all Defendants must be dismissed because in Delaware there is no fiduciary relationship between an insured and the insurer and its employees. Additionally, Plaintiff has failed to demonstrate facts which could establish that an actual trust was created outside the use of the word "trust" in naming the agreement. As such, Count IV is dismissed.

### III. Conclusion

For the reasons set forth above, the Defendants' motion to dismiss is granted. An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Date: November 16, 2009